UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                              No. 02-4601

STACEY WILLIAM BENSON,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
Henry M. Herlong, Jr., District Judge.
(CR-99-277)

Submitted: February 27, 2003

Decided: April 15, 2003

Before MOTZ and GREGORY, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

## COUNSEL

David B. Betts, LAW OFFICES OF DAVID B. BETTS, Columbia,
South Carolina, for Appellant. J. Strom Thurmond, Jr., United States
Attorney, E. Jean Howard, Assistant United States Attorney, Green-
ville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Stacey W. Benson appeals his conviction for a violation of 18 U.S.C. § 924(c) (2000).* In May 1999, Benson was indicted for possession with intent to distribute cocaine, cocaine base, and marijuana, in violation of 21 U.S.C. § 841 (2000) (Count I); possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (2000) (Count II); and use of firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2000) (Count III). Benson signed a written plea agreement with the Government whereby he agreed to plead guilty to counts I and III of the indictment. In exchange, the Government withdrew prosecution of Count II. The agreement also contained a waiver of appellate rights under both 18 U.S.C. § 3742 (2000), and a waiver of rights under 28 U.S.C. § 2255 (2000).

On July 26, 1999, the district court conducted a mass plea hearing in which it accepted pleas simultaneously from Benson and ten other defendants in apparently unrelated prosecutions. After the court had voire dired Benson pursuant to Fed. R. Crim. P. 11, the Government provided the following factual basis in support of the § 924(c) charge:

> Your Honor, if it please the court. There was a search warrant that was executed on Mr. Benson's residence in Spartanburg. And during the search warrant, the officer—which was on December 18, 1998, the officers and the agents found a quantity of cocaine powder, cocaine base, and marijuana. In addition, they found a firearm. Which Mr. Benson conceded that all of the above was his.

---

*We note a discrepancy between the spelling of Benson's first name in this court with the docketing information used by the district court. Benson has signed his first name as "Stacey" on all court documents. Accordingly we adopt this spelling of his name.

(J.A. at 42). Benson argues that this proffer is factually insufficient to support a conviction under § 924(c). We agree.

A conviction under § 924(c) may be supported, in relevant part, by a finding that a defendant used or carried a firearm in relation to a drug trafficking offense. *See United States v. Mitchell*, 104 F.3d 649, 652 (4th Cir. 1997). This requires that the defendant have actively employed the firearm. *See Bailey v. United States*, 516 U.S. 137 (1995). Alternatively, the Government may put forth evidence that possession of the firearm furthered a drug trafficking offense. *See United States v. Ceballos-Torres*, 218 F.3d 409, 414 (5th Cir.), *cert. denied*, 531 U.S. 1102 (2000). Mere possession of a firearm is insufficient. *Id.* The Government's proffered evidence against Benson, however, demonstrated nothing more than his concurrent possession of narcotics and a firearm. Moreover, in reviewing the remainder of the record before us, we are unable to find any evidence that Benson used, carried, or possessed the firearm in the furtherance of a drug trafficking crime.

The Government asks us to enforce the waiver contained in Benson's plea agreement. Although it is well settled that criminal defendants may waive their statutory right of direct appeal as part of a plea agreement with the government, *see United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992), for such a waiver to be effective, the plea agreement must be entered into knowingly and voluntarily, and the district court must specifically inquire as to the defendant's knowledge of the waiver provision. *See id.* A review of the plea colloquy discloses that the district court failed to address Benson's waiver of his right to appeal. Considering the totality of the circumstances, this failure on the district court's part renders Benson's waiver ineffective. *See United States v. General*, 278 F.3d 389, 400 (4th Cir. 2002).

Accordingly we vacate Benson's conviction under 18 U.S.C. § 924(c), and we remand the matter to the district court for further factual findings. Should the Government establish the requisite elements of § 924(c) through supplemental Rule 11 proceedings, the district court may reinstate Benson's conviction under Count III of the indictment. *See United States v. Carr*, 271 F.3d 172, 180-81 (4th Cir. 2001). We have reviewed Benson's remaining claims and find them to be without merit. Accordingly we deny relief on those claims. We

dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*