**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-4442

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JERRELL WATSON CARTER,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Lynchburg. Norman K. Moon, District Judge. (6:05-cr-00015-NKM-1)

Submitted: January 17, 2008       Decided: January 22, 2008

Before TRAXLER, SHEDD, and DUNCAN, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Sidney H. Kirstein, Lynchburg, Virginia, for Appellant. John L. Brownlee, United States Attorney, William F. Gould, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jerrell Watson Carter pled guilty to possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841 (2000), and aiding and abetting the use of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2000). On appeal, Carter claims that the Government's proffer at the Fed. R. Crim. P. 11 hearing was insufficient to support the firearm conviction and that the district court incorrectly calculated his criminal history category. The Government asserts the appeal should be dismissed because Carter knowingly and voluntarily waived his right to appeal. Because we find the appeal waiver was knowing and voluntary and that the issues raised by Carter are within the scope of the waiver, we dismiss the appeal.

Carter's plea agreement contained an appellate waiver that stated he waived the right to appeal "any and all issues related to [his] guilty plea and sentencing." The record reveals that Carter agreed to this waiver knowingly and voluntarily.[*] See United States v. Blick, 408 F.3d 162, 168-69 (4th Cir. 2005).

---

[*]Although the district court failed to question Carter at the Rule 11 hearing about the appellate waiver in violation of Fed. R. Civ. P. 11(b)(N), because Carter does not assert that he was unaware of the waiver or that the district court's failure affected the outcome of his guilty plea, he cannot establish plain error. See United States v. General, 278 F.3d 389, 400 n.5 (4th Cir. 2002) (holding that the district court's failure to strictly comply with Rule 11 is subject to plain error review).

Moreover, Carter does not dispute that the issues he raises on appeal fall within the purview of his appellate waiver.  See id. at 169-70.

Accordingly, we dismiss Carter's appeal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED