**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4899**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

FRANK BAILEY,

Defendant – Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   Richard D. Bennett, District Judge.
(1:07-cr-00559-RDB-1)

Submitted:  April 24, 2009          Decided:  May 22, 2009

Before WILKINSON, MOTZ, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas L. Crowe, LAW OFFICES OF THOMAS L. CROWE, Baltimore,
Maryland, for Appellant.   Rod J. Rosenstein, United States
Attorney, Debra L. Dwyer, Assistant United States Attorney,
Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After a jury trial, Frank Bailey was convicted of distribution and possession with the intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006) ("count 1"), possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2006) ("count 2"), and possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006) ("count 3"). He was sentenced to 264 months in prison. Bailey appeals, asserting that the district court erred by denying his Fed. R. Crim. P. 29 motions for judgment of acquittal and his motions for a mistrial. Finding no error, we affirm.

We review de novo the district court's denial of a Fed. R. Crim. P. 29 motion for judgment of acquittal. E.g., United States v. Reid, 523 F.3d 310, 317 (4th Cir.), cert. denied, 129 S. Ct. 663 (2008). In conducting this review, "the verdict of the jury must be sustained if there is substantial evidence, taking the view most favorable to the government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). This court has defined "substantial evidence" as "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). We consider circumstantial as well

2

as direct evidence, and we allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established. United States v. Harvey, 532 F.3d 326, 333 (4th Cir. 2008).

In his sole challenge to count 1 and as part of his challenges as to counts 2 and 3, Bailey contends that the evidence is insufficient because of contradictions in the testimony of the police officers concerning the location of the undercover surveillance vehicle from which they observed Bailey engaging in narcotics transactions. In resolving issues of substantial evidence, however, this court does not reweigh evidence or review witness credibility. United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997). Rather, it is the role of the jury to judge the credibility of witnesses, resolve conflicts in testimony, and weigh the evidence. United States v. Manbeck, 744 F.2d 360, 392 (4th Cir. 1984). And after review of the record, we conclude that there was sufficient evidence from which a jury could conclude that Bailey knowingly distributed and possessed with intent to distribute cocaine base.

To establish a violation of 18 U.S.C. § 922(g)(1), the Government was required prove beyond a reasonable doubt that: (1) Bailey was a convicted felon; (2) he knowingly possessed the firearm and ammunition; and (3) the firearm and ammunition

3

traveled in interstate commerce. See United States v. Gallimore, 247 F.3d 134, 136 (4th Cir. 2001). As this court held in Gallimore, 247 F.3d at 136-37, section 922(g)(1) does not require proof of actual or exclusive possession; constructive or joint possession is sufficient. The government may prove constructive possession by demonstrating that the defendant exercised, or had the power to exercise, dominion and control over the item. Id. at 137 (quoting United States v. Jackson, 124 F.3d 607, 610 (4th Cir. 1997)). Further, constructive possession may be proved by circumstantial evidence. United States v. Laughman, 618 F.2d 1067, 1077 (4th Cir. 1980).

To convict Bailey of violating 18 U.S.C. § 924(c), the government was required to prove that he (1) committed a drug crime and (2) possessed a firearm in furtherance of that drug crime. 18 U.S.C. § 924(c)(1)(A). In determining what evidence is sufficient to establish a violation of § 924(c), the statutory term "furtherance" should be afforded its plain meaning of "[t]he act of furthering, advancing, or helping forward." United States v. Lomax, 293 F.3d 701, 705 (4th Cir. 2002) (internal citation omitted; alteration in original). Therefore, "§ 924(c) requires the government to present evidence indicating that the possession of the firearm furthered, advanced, or helped forward a drug trafficking crime." Id.

4

Whether a firearm served such a purpose is a question of fact. In Lomax, this court adopted a series of factors that might lead a reasonable finder of fact to conclude the existence of a connection between a defendant's possession of a firearm and his drug trafficking crime. Id. These factors include, but are not limited to: the type of drug activity being conducted, the accessibility of the firearm, the type of weapon, whether the weapon is stolen, the status of possession, whether the firearm is loaded, its proximity to drugs or drug profits, and the time and circumstances under which the gun is found. Id. Possession of a firearm in furtherance of a drug trafficking crime under § 924(c) may be shown through either actual or constructive possession. See United States v. Booker, 436 F.3d 238, 241 (D.C. Cir. 2006); United States v. Maldonado-Garcia, 446 F.3d 227, 231 (1st Cir. 2006).

The evidence was sufficient to convict Bailey on counts 2 and 3. Although Bailey was not in actual possession of the loaded .22 caliber firearm seized from the living room of the residence from which he was observed selling cocaine base, the jury could infer his knowledge of and dominion and control over the firearm, as it was found on the floor under a couch in the residence's living room, a room close to the residence's front door. The evidence was also sufficient to show that Bailey constructively possessed the .22 caliber firearm in

5

furtherance of a drug trafficking crime. The evidence showed that the firearm was loaded and located in the living room not far from the entrance to the residence through which Bailey had been observed exiting to sell cocaine base on the front porch. The firearm, although located beneath the couch, was accessible to Bailey, the only occupant of the residence and a convicted felon prohibited from possessing the firearm or ammunition. Further, in light of the testimony from the government's expert, the jury could find that the firearm was of the type used by drug traffickers for protection, and the firearm was found at night under circumstances indicating that Bailey was involved in drug distribution. Accordingly, the district court did not err in denying Bailey's Rule 29 motions for judgment of acquittal.

This court reviews the district court's denial of a motion for mistrial for abuse of discretion, United States v. West, 877 F.2d 281, 287-88 (4th Cir. 1989), and will disturb a district court's ruling "only under the most extraordinary of circumstances." United States v. Dorlouis, 107 F.3d 248, 257 (4th Cir. 1997). "A defendant must show prejudice in order for the court's ruling to constitute an abuse of discretion, and no prejudice exists if the jury could make individual guilt determinations by following the court's cautionary instructions." West, 877 F.2d at 288. Remarks by the prosecutor in an opening statement will lead to reversal if "(1)

6

the prosecutor's remarks . . . [were] in fact . . . improper, and (2) such remarks . . . prejudicially affected the defendant's substantial rights so as to deprive the defendant of a fair trial." United States v. Brockington, 849 F.2d 872, 875 (4th Cir. 1988) (internal citation marks omitted), overruled on other grounds by Bailey v. United States, 516 U.S. 137 (1995).

In this case, the district court denied a mistrial on the basis of the government's improper remark because the remark was made during an opening statement. However, the court instructed the jury that the opening statements of the attorneys were not to be considered evidence, and jurors are presumed to follow the instructions delivered by the district court, see United States v. Love, 134 F.3d 595, 603 (4th Cir. 1998). Moreover, the evidence presented at trial was sufficient to sustain the jury's verdict even without the improper remark in the government's opening statement. Accordingly, because the government's remark did not so prejudice Bailey's substantial rights as to deny him a fair trial, the district court did not err in denying his requests for a mistrial.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

7