**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4031**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

JERMAINE BELL,

                Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.   Richard D. Bennett, District Judge. (1:06-cr-00179-RDB-2)

Submitted:  December 16, 2009        Decided:  January 4, 2010

Before WILKINSON, DUNCAN, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Daniel F. Goldstein, BROWN, GOLDSTEIN & LEVY, LLP, Baltimore, Maryland, for Appellant.   Rod J. Rosenstein, United States Attorney, Tonya Kelly Kowitz, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jermaine Bell appeals his conviction for possession of a firearm in furtherance of a drug trafficking crime resulting in death, in violation of 18 U.S.C. § 924(j) (2006). Bell pled guilty, pursuant to a plea agreement, and was sentenced to 360 months' imprisonment. On appeal, Bell contends that his denial at sentencing of any connection to drug trafficking called into question whether there existed a factual basis for his guilty plea. Bell contends that this denial invoked a duty of the district court to satisfy itself that there still existed a factual basis to enter a guilty plea. The Government has filed a motion to dismiss, asserting that, as Bell's guilty plea was knowingly and voluntarily entered, Bell's appeal is barred by the waiver contained in his plea agreement. Although we deny the Government's motion, we affirm Bell's conviction and sentence.

We review de novo whether a defendant effectively waived his right to appeal pursuant to a plea agreement. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). Where the government seeks to enforce an appeal waiver and the appellant does not contend that the government is in breach of its plea agreement, we will enforce the waiver if the record shows the waiver is valid and the challenged issue falls within the scope of the waiver. Id. An appeal waiver is valid if it is "the

2

result of a knowing and intelligent decision to forgo the right to appeal." United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995) (internal quotation marks and citations omitted). To decide whether a defendant's waiver results from a knowing and intelligent decision, we examine "'the particular facts and circumstances surrounding that case, including the background, experience and conduct of the accused.'" United States v. Davis, 954 F.2d 182, 186 (4th Cir. 1992) (quoting Johnson v. Zerbst, 304 U.S. 458, 464 (1938)). Generally, if the district court fully questions a defendant at his Fed. R. Crim. P. 11 proceeding regarding the waiver of his right to appeal, the waiver is both valid and enforceable. See United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005).

Here, there is no question that Bell's waiver was the result of a "knowing and intelligent decision to forgo the right of appeal," Broughton-Jones, 71 F.3d at 1146, and Bell does not contend otherwise. Prior to accepting Bell's guilty plea, the district court engaged in a lengthy plea colloquy with Bell in accordance with Fed. R. Crim. P. 11. In particular, the judge verified that Bell had not been treated for mental illness or drug addiction, was not currently under the influence of drugs or alcohol, and was satisfied with his attorneys' performance. Additionally, the district court verified that Bell was aware that he had waived his right to appeal any sentence within the

range stipulated within the plea agreement. The Government summarized the factual basis for the guilty plea and Bell affirmed both that he had committed the crime as summarized by the Government and still wished to plead guilty. Therefore, as it is apparent that Bell's plea was both knowingly and voluntarily entered, Bell's waiver will bar the appeal of issues within its scope.

However, Bell contends that, as his appeal challenges whether there was a factual basis for his plea agreement, his appeal is not barred by the waiver contained in his plea agreement, as "[e]ven valid waivers do not bar a claim that the factual basis is insufficient to support the plea." (Appellant's Br. at 6); United States v. Hildenbrand, 527 F.3d 466, 474 (5th Cir. 2008); United States v. Mitchell, 104 F.3d 649, 652 n.2 (4th Cir. 1997) ("[I]t is well settled that a defendant may raise on direct appeal the failure of a district court to develop on the record a factual basis for the plea."). Thus, Bell asserts, because his appeal goes to the propriety of the guilty plea itself, his appeal is not barred by waiver.

Conversely, the Government argues that the judge satisfied the requirements of Rule 11 during the plea colloquy, where he determined that a factual basis existed for the guilty plea. Therefore, the Government contends, Bell is not challenging whether a factual basis exists for his plea

4

agreement, but instead whether Bell's "own self-serving denial that he ever sold drugs, made months after the conclusion of the Rule 11 colloquy, somehow fairly impugns the validity of the Rule 11 hearing to allow this direct appeal." However, the Government's argument essentially admits that Bell's appeal challenges the validity of Bell's guilty plea, an attack that would not be barred by Bell's appeal waiver. Accordingly, we deny the Government's motion to dismiss Bell's appeal.

However, because Bell has submitted his formal brief on appeal, and the contentions contained therein are without merit, we find it appropriate to dispose of his appeal on the merits. As Bell did not move in the district court to withdraw his guilty plea, any error in the Rule 11 hearing is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 524, 527 (4th Cir. 2002). To establish plain error, Bell must "show that an error occurred, that the error was plain, and that the error affected his substantial rights." See United States v. White, 405 F.3d 208, 215 (4th Cir. 2005). In order to demonstrate that his substantial rights were affected, Bell must "show a reasonable probability that, but for the error, he would not have entered the plea." United States v. Massenburg, 564 F.3d 337, 344 (4th Cir. 2009).

Though Bell contends that his statements made during sentencing raised a question as to whether a factual basis

5

existed for his plea, the record indicates that, during the plea colloquy, the Government reiterated the factual basis for the plea, and Bell affirmed both that the Government's summary was accurate and that a factual basis existed for the entry of a guilty plea. Additionally, Bell signed the attachment to the plea agreement, stipulating to the facts underlying the guilty plea. Based on these sworn admissions, the district court determined that a factual basis existed for the plea agreement.

In the absence of clear and convincing evidence to the contrary, a defendant is bound by statements made under oath during his plea colloquy. See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977); United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) (courts can rely on statements made in open court at subsequent collateral proceedings). Though Bell asserts that the district court erred in failing to engage in an additional colloquy with Bell during his sentencing, any such error did not affect Bell's substantial rights. It was abundantly clear from Bell's prior sworn attestations that a factual basis existed for the guilty plea, and Bell fails to controvert this conclusion. See Massenburg, 564 F.3d at 344 ("[T]he mere existence of an error cannot satisfy the requirement that [a defendant] show his substantial rights were affected.").

Accordingly, we deny the Government's motion to dismiss, deny Bell's motion to file a pro se supplemental brief, and affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument will not aid the decisional process.

AFFIRMED