**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4629**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JAVON TYSHAUN BAKER,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. Terrence W. Boyle, District Judge. (7:12-cr-00030-BO-1)

———————

Submitted: April 28, 2014         Decided: May 20, 2014

———————

Before KING, WYNN, and DIAZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

W. H. Paramore, III, W.H. PARAMORE, III, P.C., Jacksonville, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Yvonne V. Watford-McKinney, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Javon Tyshaun Baker pleaded guilty pursuant to a plea agreement to one count of possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1), and possession of firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). Baker challenges only his firearms conviction on appeal. He asserts that this conviction should be vacated because, at the Rule 11 hearing, the district court: (1) failed to adequately explain the appellate waiver in his plea agreement; and (2) did not require a factual basis to show that Baker possessed firearms "in furtherance" of a drug trafficking crime. We affirm.

I.

A defendant may waive his appellate rights pursuant to a plea agreement, and we have consistently upheld the validity of appellate waivers. See, e.g., United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010). A valid appellate waiver will preclude the appeal of an issue that falls within the scope of the waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). Whether a defendant validly waived his right to appeal is a question of law that we review de novo. Id.

2

Our independent review of the record supports the conclusion that Baker voluntarily and knowingly waived his right to appeal his firearms conviction. The district court properly determined that Baker was competent and that he entered his plea voluntarily. Baker stated that he fully discussed the case with his attorney and was satisfied with the attorney's representation. The district court specifically discussed the appellate waiver contained in Baker's plea agreement, and Baker confirmed the accuracy of the court's description. Thus, we conclude that the district court substantially complied with Rule 11 requirements, and the appellate waiver is valid and enforceable.

## II.

Baker contends nonetheless that the appellate waiver does not foreclose his claim that the government did not proffer a sufficient factual basis to support his plea of guilty to possessing firearms in furtherance of a drug trafficking crime. We acknowledge some uncertainty in this circuit about whether a defendant may waive the Rule 11 requirement that a district court determine whether there is a sufficient factual basis for the defendant's plea. Compare United States v. Bell, 359 F. App'x 442, 444 (4th Cir. 2010) (unpublished) (suggesting a defendant can challenge whether there was a factual basis for his plea on appeal notwithstanding a valid appellate waiver

3

because the challenge attacks the validity of the plea itself), with United States v. Carter, 267 F. App'x 203, 203 (4th Cir. 2008) (unpublished) (concluding that a valid and enforceable appellate waiver foreclosed defendant's appeal that the government's proffer at the Rule 11 hearing was inadequate).

Rather than rely on waiver here, we choose to resolve Baker's argument that his plea to the firearms conviction was not knowing and voluntary on the merits. Based on a careful review of the record, we conclude the district court complied with Rule 11, as there was a sufficient factual basis for Baker's plea.

"Federal Rule of Criminal Procedure 11(b)(3) requires the district court to determine whether a factual basis exists before entering judgment on a guilty plea." United States v. Ketchum, 550 F.3d 363, 366 (4th Cir. 2008). It is well settled, however, that in determining the existence of a factual basis for a guilty plea, "the district court possesses wide discretion, and it need only be subjectively satisfied that there is a sufficient factual basis for a conclusion that the defendant committed all of the elements of the offense." Id. (internal quotation marks omitted).

To sustain a conviction under the second prong of § 924(c), the government must present evidence "indicating that the possession of a firearm furthered, advanced, or helped forward a

4

drug trafficking crime." United States v. Lomax, 293 F.3d 701, 705 (4th Cir. 2002). Whether a firearm served such a purpose is a question of fact. Id. When making this factual determination, the factfinder may consider: "the type of drug activity that is being conducted, accessibility of the firearm, the type of weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found." Id. (internal quotation marks omitted). Moreover, possession may be either actual or constructive. See United States v. Maldonado-Garcia, 446 F.3d 227, 231 (1st Cir. 2006); United States v. Bailey, 329 F. App'x 439, 441 (4th Cir. 2009) (unpublished).

In this case, the government's proffer showed that investigators searching Baker's home found significant amounts of marijuana; a marijuana grinder; a digital scale; two loaded handguns, one with an obliterated serial number; seventy additional rounds of ammunition; $683 in cash; and video camera surveillance equipment. The loaded .32 caliber revolver was located under the living room couch cushion; additional .32 caliber ammunition was found in the dresser in the master bedroom; the loaded Glock .45 caliber pistol--which had no serial number because it had been removed--was found under the pillow in the master bedroom; .45 caliber ammunition was found

5

in the dresser in the master bedroom; and $675 in cash and a letter addressed to Baker were both located in the bedroom.

In addition, the marijuana was not confined to one area of the house. Indeed, it was found "throughout the house" in the living room, kitchen, and master bedroom, as were the firearms and ammunition. J.A. 23. Baker admitted to ownership of the firearms and to selling the marijuana and, as the government argued, the video camera allowed Baker to monitor anyone who was approaching his residence, including law enforcement.

These facts were more than sufficient to show that Baker possessed the firearms to "further[], advance[], or help[] forward" his marijuana trafficking activities. United States v. Robinson, 627 F.3d 941, 955 (4th Cir. 2010).[*] Thus, it was not error for the district court to accept Baker's plea.

We affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

AFFIRMED

---

[*] Although Baker cites to this court's unpublished opinion in United States v. Benson, 63 F. App'x 88 (4th Cir. 2003), we find the case inapposite. The evidence the government proffered at the Rule 11 hearing in this case far exceeded the evidence at issue in Benson.