**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 17-4107**

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

   v.

ALFREDO CONTADOR-CRUZ, a/k/a Emilio Camarena-Gusman, a/k/a Rogelio El Gabacho,

       Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, Senior District Judge. (5:15-cr-00071-RLV-DCK-1)

Submitted: September 7, 2017                  Decided: November 27, 2017

Before KEENAN and HARRIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed in part, affirmed in part by unpublished per curiam opinion.

David Alan Brown, Sr., Rock Hill, South Carolina, for Appellant. Anthony Joseph Enright, Assistant United States Attorney, Charlotte, North Carolina; Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alfredo Contador-Cruz pleaded guilty to conspiracy to produce and transfer fraudulent identification documents, in violation of 18 U.S.C. § 1028(a)(1), (a)(2), (f) (2012); production of fraudulent identification documents, in violation of 18 U.S.C. § 1028(a)(1); and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) (2012). The district court sentenced Contador-Cruz to a total of 39 months of imprisonment and he now appeals. On appeal, Contador-Cruz argues that: (1) the district court erred in accepting his guilty plea to aggravated identity theft because there was not a sufficient factual basis for the offense; (2) his guilty plea to aggravated identity theft was not knowing and voluntary; (3) the sentence is procedurally unreasonable because the court failed to sufficiently explain why the sentence was not at the low end of the Guidelines range; and (4) counsel was ineffective in advising him to plead guilty to aggravated identity theft when there was no factual basis for the plea. The Government has moved to dismiss the appeal as barred by Contador-Cruz's waiver of his appellate rights contained in the plea agreement. For the reasons that follow, we dismiss the appeal and affirm the judgment of the district court.

Pursuant to a plea agreement, a defendant may waive his appellate rights under 18 U.S.C. § 3742 (2012). *United States v. Archie*, 771 F.3d 217, 221 (4th Cir. 2014). A waiver will preclude appeal of a specific issue if the waiver is valid and the issue is within the scope of the waiver. *Id.* Whether a defendant validly waived his right to appeal is a question of law that we review de novo. *United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992).

"The validity of an appeal waiver depends on whether the defendant knowingly and intelligently agreed to waive the right to appeal." *United States v. Blick*, 408 F.3d 162, 169 (4th Cir. 2005). To determine whether a waiver is knowing and intelligent, we examine "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." *United States v. General*, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks omitted). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. *United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005).

We have thoroughly reviewed the record and conclude that Contador-Cruz's guilty plea and appellate waiver were knowing, voluntary, and intelligent. In addition, Contador-Cruz's challenge to the procedural reasonableness of his sentence falls squarely within the scope of that waiver. Contador-Cruz contends, however, that the appellate waiver does not foreclose his claim that the district court erred in accepting his guilty plea to the aggravated identity theft charge without a sufficient factual basis. Contador-Cruz is correct that there has been "some uncertainty in this circuit about whether a defendant may waive the Rule 11 requirement that a district court determine whether there is a sufficient factual basis for the defendant's plea." *United States v. Baker*, 571 F. App'x 258, 259 (4th Cir. 2014) (No. 13-4629) (noting conflicting unpublished circuit precedent). Because we conclude that Contador-Cruz has failed to demonstrate reversible error, we address this claim on the merits.

3

Rule 11(b)(3) requires a district court to determine whether there is a factual basis for the plea before entering judgment on a guilty plea. *United States v. Ketchum*, 550 F.3d 363, 366 (4th Cir. 2008). "A stipulated recitation of facts alone is sufficient to support a plea." *Id.* at 367 (internal quotation marks and citation omitted). Here, because Contador-Cruz did not move to withdraw his guilty plea, any error in the Rule 11 proceedings is reviewed for plain error. *See United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). To demonstrate plain error, Contador-Cruz must show (1) error, (2) that was plain, and (3) that affected his substantial rights. *United States v. Martinez*, 277 F.3d 517, 524 (4th Cir. 2002). Moreover, we have discretion whether to recognize a plain error and will not exercise that discretion unless Contador-Cruz demonstrates that "the 'error seriously affects the fairness, integrity[,] or public reputation of judicial proceedings.'" *Id.* (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)). Our review of the record leads us to conclude that Contador-Cruz has failed to demonstrate that the district court plainly erred in finding that a sufficient factual basis existed for his guilty plea to aggravated identity theft.

Finally, Contador-Cruz's appellate waiver does not include claims of ineffective assistance of counsel. To prove a claim of ineffective assistance of counsel, a defendant must show (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under the second prong of the test in the context of a conviction following a guilty plea, a defendant can show prejudice only by demonstrating "a reasonable

4

probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

However, we will address a claim of ineffective assistance on direct appeal only if the lawyer's ineffectiveness conclusively appears on the record. *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016). Here, there is no conclusive evidence of ineffective assistance on the face of the record and we conclude that Contador-Cruz's claims should not be addressed at this time.

Accordingly, we grant the Government's motion to dismiss the appeal in part and affirm in part. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*DISMISSED IN PART;*
*AFFIRMED IN PART*